UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA L. SINGLETON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. SA CV 16-01328 AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

**I. BACKGROUND**

Plaintiff Rebecca L. Singleton filed her application for disability insurance benefits under Title II of the Social Security Act on May 29, 2013, alleging disability beginning October 10, 2010. After denial on initial review and on reconsideration, a hearing took place before an Administrative Law Judge (ALJ) on September 8, 2014. In a decision dated October 28, 2014, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act for the period from October 10, 2010, through the date of the decision. The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated

May 16, 2016. Plaintiff filed a Complaint herein on July 14, 2016, seeking review of the Commissioner's denial of her application for benefits.

In accordance with the Court's Order Re: Procedures in Social Security Appeal, the Plaintiff filed a memorandum in support of the complaint on June 9, 2017; the Commissioner filed a memorandum in support of her answer on July 14, 2017; Plaintiff did not file a reply. This matter now is ready for decision.

**II. DISPUTED ISSUES**

1. Whether the ALJ improperly evaluated the medical opinion evidence; and

2. Whether the ALJ improperly rejected Plaintiff's testimony regarding pain and function limitations.

**III. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV. FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. *Id*. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V. THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 10, 2010, the alleged onset date. (AR 13.) At step two, the ALJ found that Plaintiff had the following severe impairments: obesity; rheumatoid arthritis with synovitis of hands, shoulders, wrists, knees, and feet; fibromyalgia; degenerative joint disease; lumbosacral neuropathy; possible rotator cuff tear in the right shoulder. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 14.) At step four, the ALJ found that, from October 10, 2010 through October 2, 2012, Plaintiff had the residual functional capacity (RFC) to perform light work, except

> [Plaintiff] could stand and/or walk for up to six hours and sit for up to six hours in an eight-hour workday, could occasionally climb stairs but never climb ladders, ropes or scaffolds; could occasionally balance, stoop, and crouch but never kneel or crawl; and could can perform occasional overhead reaching with the right upper extremity. (AR 14.)

The ALJ further found that after October 3, 2012, Plaintiff had the residual functional capacity to perform light work except

> [Plaintiff] can stand and/or walk for up to four hours and sit for up to six hours in an eight-hour workday, with the use of a cane to walk outside the work area; could occasionally climb stairs but never climb ladders, ropes or scaffolds; can occasionally balance, stoop, and crouch but never kneel or crawl; can perform occasional overhead reaching with the right upper extremity and occasionally use foot pedals; can perform frequent fine and gross manipulation bilaterally, and should have no concentrated exposure to humidity, wetness, extremes of temperature or vibration. (AR 14-16.)

Finally, based on Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is capable of performing her past relevant work as member service clerk. (AR 16-17.) Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act from October 10, 2010, through October 28, 2014, the date of the decision. (AR 17.)

## VI. DISCUSSION

Medical expert Irvin S. Belzer, M.D. testified during the administrative hearing regarding plaintiff's residual functional capacity. (AR 38-40.) In pertinent part, Dr. Belzer opined that after October 3, 2012, plaintiff was limited to standing and walking two hours in total in a day, and never more than thirty minutes at a time. (AR 38-39, 42-43.) He further testified that plaintiff could only occasionally engage in handling, fingering and feeling because of inflammation in her fingers. (AR 39.) A vocational expert ("VE") also testified at the hearing. In response to a hypothetical — that included Dr. Belzer's limitations regarding standing and walking, as well as fine and gross manipulation — the VE testified that past relevant work could not be performed and that no light work would be performed under those limitations. (AR 53-54.)[1] In response to a hypothetical with lesser limitations — allowing up to four hours of standing and/or walking in an eight hour day and frequent fine and gross manipulation bilaterally — the VE testified that then plaintiff could perform past relevant work as member service clerk. (AR 51.)

The ALJ's decision assessed the opinion of Dr. Belzer as an "impartial medical expert," as follows:

> ***The undersigned gives great weight to the opinion of the medical expert.*** Dr. Belzer has an awareness of all the medical evidence in the

---

[1] The ALJ also acknowledged that under the vocational grid rules, it was irrelevant whether Plaintiff could perform sedentary jobs because she was 52 at her alleged onset date. (AR 54.)

5

record, was present at the hearing to question the claimant and to hear her testimony, and understands Social Security disability programs and requirements. (AR 16; emphasis added.)

The decision did not state why any portion of Dr. Belzer's opinion should not be adopted. Instead, the ALJ found the opposite, concluding that "***Dr. Belzer's opinions are reasonable and consistent with the objective medical evidence as a whole***." (*Id.*; emphasis added.) Nevertheless, in its RFC finding for post October 3, 2012, the ALJ's decision did not incorporate all of the limitations from Dr. Belzer's opinion. Without explanation, the decision included less restrictive limitations regarding standing, walking and manipulation that conflicted with Dr. Belzer's opinion and materially impacted the VE's testimony regarding past relevant work. In particular, the RFC finding stated that plaintiff "can stand and/or walk for up to four hours" and "can perform frequent fine and gross manipulation bilaterally." (AR 14.) On the basis of the less restrictive limitations in the RFC, the ALJ found that plaintiff was not disabled.

The ALJ's rejection of significant limitations from Dr. Belzer's opinion was error. An ALJ may reject a non-examining physician's opinion "by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998); *see also Haynes v. Colvin*, 2016 WL 844802, at *3 (C.D. Cal. Mar. 1, 2016); *Barcenas v. Colvin*, 2015 WL 8023069, at *2, n.1 (C.D. Cal. Dec. 4, 2015). The Social Security regulations also require an ALJ to articulate reasons for rejecting a medical opinion: "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, at *7, 1996 WL 374184. It is error for an ALJ to ignore probative medical evidence without comment and without providing a sufficient basis for rejecting that evidence. *See Carmickle v. Comm'r. Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Although each piece of medical evidence need not be discussed, an ALJ has

an obligation to assess significant evidence from a physician's opinion. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Here, despite stating that the opinion was entitled to "great weight," the ALJ's decision provided no explanation why important aspects of Dr. Belzer's opinion should be rejected. This was a violation of the law requiring "reference to specific evidence in the medical record" if a non-examining physician's opinion is to be rejected. *See Sousa v. Callahan*, 143 F3d. at 1244. In addition, to the extent the decision could be read to say that a portion of Dr. Belzer's opinion was inconsistent with the objective medical record, that would directly conflict with the ALJ's finding that the medical expert's opinion was "reasonable and consistent with the objective evidence as a whole." Such unexplained material discrepancies in the ALJ's decision constitute reversible error, and the Court is not required to speculate regarding the basis for the ALJ's conclusions. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990).

The Court has considered the Commissioner's arguments and finds them unpersuasive. The Commissioner urges that the ALJ did provide a reason for rejecting portions of Dr. Belzer's opinion when the decision stated that the opinion of Dr. Ho (a treating physician), should be given no weight because it was inconsistent with objective evidence of record. (AR 16.) However, the decision does not link the rejection of Dr. Ho's opinion to a rejection of any aspect of Dr. Belzer's opinion. Rather, in the very preceding sentence, the ALJ affirmatively found "most importantly" that Dr. Belzer's opinion was "reasonable and consistent with the objective medical evidence." (*Id.*) Thus, the Commissioner's argument by reference to Dr. Ho is refuted by the ALJ's own findings regarding Dr. Belzer. The Commissioner also asserts that the ALJ's citation to State agency reviewing physicians Zuniga and Bayar provided a basis for rejecting Dr. Belzer's opinion regarding standing and walking. But the decision only generally referenced these reviewers, stating that "significant weight" was afforded to their opinions. (AR 16.)

It does not discuss the reviewers' opinions on standing or walking or state that those opinions are a reason for disregarding Dr. Belzer's opinions regarding these limitations. Moreover, in their assessments, the State agency reviewers opined that plaintiff's standing and/or walking was limited to a total of 2 hours (AR 63, 74) and that plaintiff had limited gross manipulation on both sides (AR 64, 75). These conclusions directly support Dr. Belzer regarding these exertional limitations and are not a basis for rejecting Dr. Belzer's opinion.

Finally, given the significance that the standing/walking and manipulation limitations had on the VE's opinions, this error was not harmless and was not inconsequential to the ALJ's determination that Plaintiff was not disabled. *See Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).[2]

## VII. DECISION TO REMAND

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Before a case may be remanded for an immediate award of benefits, three requirements must be met: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on

---

[2] Because reversal and remand for further administrative proceedings are warranted based on the ALJ's assessment of the expert medical testimony of Dr. Belzer, it is unnecessary to address the disputed issue regarding the ALJ's adverse credibility assessment.

8

remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). If the record is "uncertain and ambiguous, the proper approach is to remand the case to the agency" for further proceedings. *See Treichler*, 775 F.3d at 1105. Here, further proceedings would be useful to resolve conflicts and ambiguities in the record. *Id.* at 1103-04 (in evaluating whether further administrative proceedings would be useful, the reviewing court should consider "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules"); *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014). In particular, remand proceedings would be useful in clarifying the record here and resolving conflicts relating to the medical opinion evidence and for further addressing issues related to Plaintiff's credibility.[3]

\* \* \* \*

IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

DATED: November 20, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court does intend to limit the scope of the remand.